**Roy E. GALLAHER, Administrator of Estate of Timothy E. Meyers**

v.

**CHEMICAL LEAMAN TANK LINES, INC.**

Civ. A. No. 6799.

United States District Court, E. D. Tennessee, S. D.

Dec. 27, 1973.

1064

------

Frank M. Gleason, Rossville, Ga., Weill, Ellis, Weems & Copeland, Scott N. Brown, Jr., Chattanooga, Tenn., for plaintiff.

Luther, Anderson & Ruth, Chattanooga, Tenn., for defendant.

## MEMORANDUM and ORDER

FRANK W. WILSON, Chief Judge.

This is an action for wrongful death arising out of a motor vehicle accident which occurred in Kentucky. At the time of the accident and death the decedent was a citizen and resident of Tennessee and the plaintiff is the administrator of his estate, duly appointed by order of a Tennessee court. The plaintiff is himself a citizen of Tennessee. The defendant is a corporation doing business in Tennessee, but incorporated under the laws of Delaware and having its principal place of business elsewhere than in Tennessee. Service of process in this case was had both upon a statutory agent appointed by the defendant pursuant to Tennessee law and upon the person in charge of the defendant's local business office in Chattanooga, Tennessee. The defendant has filed a motion to dismiss upon the ground that it is not amenable to suit in Tennessee, contending in support of its motion to dismiss that T.C.A. § 20–220 limits the service of process upon foreign corporations doing business in Tennessee to transactions arising within the State and further contending its statutory agent appointed pursuant to T.C.A. § 48–1201/02 is designated to receive process only for claims arising within Tennessee.

The issue here sought to be raised was recently considered by the United States Court of Appeals for this Circuit in the case of W. D. Lawson v. Penn-Central Company, 456 F.2d 419 (6th Cir. 1972). There the Court held that T.C.A. § 20–220 was merely a procedural limitation and that a foreign corporation could be sued in Tennessee for a cause of action arising elsewhere on the basis of T.C.A. § 20–218. See also Beautytuft, Inc. v. Factory Insurance Association, 48 F.R.D. 15 (E.D.Tenn. 1969), affirmed, 431 F.2d 1122 (6th Cir. 1970). While the Court is aware that the statutory basis for the Lawson decision was removed by repeal of T.C.A. § 20–218 shortly after the entry of that decision (Public Acts of 1972, Chapter 565, § 1), it would appear from that Act that the legislative intent was merely to remove laws that might have been considered inconsistent with the recently adopted Tennessee Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(d)(7) allows service of process upon a defendant "in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." It would appear in this case that the service of process had upon the person in charge of the defendant's office in Chattanooga, Tennessee would comply with Tennessee Rule of Civil

Procedure 4.04(4) wherein it is provided:

"Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."

While in a diversity action state law is determinative of the amenability of a foreign corporation to suit in a federal court, this Court is of the opinion that T.C.A. § 20–220 and Tennessee Rule of Civil Procedure 4.04(4) are procedural alternatives. Otherwise, the framers of the Tennessee Rules would have seen fit to incorporate the limitation contained in the statute regarding intrastate transactions into the procedure for serving process. *See* Beautytuft, Inc. v. Factory Insurance Association, *supra*. Furthermore, Tennessee has always permitted its citizens to be sued within this state on transitory causes of action arising in other states, W. D. Lawson & Co. v. Penn-Central Co., *supra*. This Court is of the opinion that the Tennessee Supreme Court, when faced with the instant issue, will allow its citizens to sue foreign corporations doing business within the State for causes of action arising elsewhere.

The Court is accordingly of the opinion that T.C.A. § 20–220 and T.C.A. § 48–1201/02 are not the exclusive means of acquiring jurisdiction or serving process upon foreign corporations doing business in Tennessee, but that Rule 4.04(4) of the Tennessee Rules of Civil Procedure provides an additional means of serving process on and acquiring personal jurisdiction over a foreign corporation doing business in Tennessee. This additional means for the service of process would be available in a federal diversity action under the provisions of Rule 4(d)(7), Federal Rules of Civil Procedure.

It is accordingly ordered that the defendant's motion to dismiss be and the same is hereby denied.

Approved for entry.