Monroe Dan GILLIS et ux.,
Plaintiffs-Appellants,

v.

CLARK EQUIPMENT COMPANY and Amoco Chemicals Corporation,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 28, 1978.

Robert E. Pryor, Frank Flynn, Jr., Knoxville, for plaintiffs-appellants.

Fred H. Cagle, Jr., Knoxville, for Amoco Chemicals Corp.; Frantz, McConnell & Seymour, Knoxville, of counsel.

Ray J. Campbell, Jr., and Arthur D. Byrne, Knoxville, for Clark Equipment Co.; Poore, Cox, Baker, McCauley, Ray & Byrne, Knoxville, of counsel.

## OPINION

FRANKS, Judge.

This case presents the issue of whether there is jurisdiction to adjudicate a claim against foreign corporations doing business in this state where the cause of action arises from activities unconnected with this state.

The complaint alleges plaintiffs are residents of Tennessee and plaintiff Gillis was injured while operating a fork-lift in the State of Massachusetts. The defendants

are the owner and the manufacturer and seller of the fork-lift, and their negligence is alleged to be the proximate cause of plaintiffs' damages.

Service of process was perfected upon the defendants' registered agents, appointed as a condition of doing business in this state, pursuant to *T.C.A., § 48–1201, et seq.*

Defendants filed motions to dismiss, alleging the cause of action arose in the Commonwealth of Massachusetts and is unrelated to any business conducted within the State of Tennessee. The trial judge sustained the motions and dismissed the suit on the grounds that a foreign corporation is not subject to suit in Tennessee for claims arising wholly outside the state and relied upon *T.C.A., § 20–220.*[1]

Plaintiffs have appealed, insisting that Tennessee law affords bases of jurisdiction to adjudicate this cause of action: viz., (1) *T.R.C.P.,* 4.04[2] provides for service of process upon foreign corporations qualified to do business in this state. (2) Section (f) of *T.C.A., § 20–235,* the so-called "Long Arm Statute", provides for jurisdiction over nonresidents to the limits of due process and the nonacceptance of jurisdiction herein would create an anomalous situation, *i. e.,* a foreign corporation not available for service within this state would be subject to broader jurisdiction than one doing business here and subject to instate service of process. Finally, it is insisted that the determination made in *DeLaney Furniture Co., v. The Magnavox Co. of Tennessee,* 222 Tenn. 329, 435 S.W.2d 828, decided in 1968, is not controlling since it does not follow prior Tennessee law and for the further reason that the Rules of Civil Procedure and section (f) of the Tennessee Long Arm Statute have since been enacted.

All of plaintiffs' contentions merit consideration and will be discussed in the order presented.

First, plaintiffs contend that *T.R.C.P.,* 4.04 and *T.C.A., § 20–220,* provide alternative bases of jurisdiction over foreign corporations, *i. e.,* if a foreign corporation is served by any one of the procedures outlined in 4.04, *T.C.A., § 20–220* would be totally inapplicable. The primary authority cited by plaintiff is *Gallaher v. Chemical Leaman Tank Lines, Inc.,* 367 F.Supp. 1063 (E.D.Tenn.1973). The federal district court in that case stated:

[T]his court is of the opinion that T.C.A. § 20–220 and Tennessee Rule of Civil Procedure 4.04(4) are procedural alternatives. Otherwise, the framers of the Tennessee Rules would have seen fit to incorporate the limitation[s] [of 20–220] into the procedure for serving process. at p. 1065.

■ This analysis is not persuasive. *T.C.A., § 20–220,* by its terms purports to be jurisdictional. It provides for no method of service upon a foreign corporation; thus, the procedure for serving process on foreign corporations for any cause of action is es-

---

1. *T.C.A., § 20–220 states:*
   *Foreign corporations subject to actions.* —Any corporation claiming existence under the laws of the United States or any other state, or of any country foreign to the United States, or any business trust found doing business in this state, *shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state, or any cause of action arising here, but not otherwise.* Any such corporation or trust having any transaction with persons, or having any transaction concerning any property situated in this state, through any agency whatever, acting for it within the state, shall be held to be doing business here within the meaning of this section. [Emphasis supplied.]

2. *T.R.C.P.,* 4.04 states in part:
   . . . Service shall be made as follows:

   (4) Upon a domestic corporation, or a foreign corporation business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

tablished by other statutory authority or the Rules. Whereas, *T.R.C.P.*, 4, outlines the various methods available for giving effective notice to a defendant and, upon compliance, the defendant is subjected to the court proceeding: it does not purport to include the substantive law of jurisdiction. Accordingly, *T.C.A.*, § 20–220, provides no procedural alternative to *T.R.C.P.*, 4.04, and the Rule provides no substantive alternative to the statute.

Plaintiffs' reliance on Rule 4.04 is misplaced but understandable since the traditional foundation of judicial jurisdiction in transitory actions is based upon the physical presence of the defendant. *See McDonald v. Mabee*, 243 U.S. 90–91, 37 S.Ct. 343, 61 L.Ed. 608. And, as in the case of a foreign corporation, it is generally understood that unless the corporation has voluntarily submitted to jurisdiction, judicial jurisdiction is asserted on the basis of the activities of the corporation within the forum state.

■ It was not within the purview of the rules to include or re-enact substantive law not affected by the rules. § 2 of Acts of 1965, ch. 227 (codified as *T.C.A.*, § 16–113), the enabling act under which the Rules of Civil Procedure were promulgated, provides the rules should not "abridge, enlarge or modify any substantive right." Statutory construction requires statutes be construed in a manner to avoid conflict and specific provisions control over general provisions. *See Watts v. Putnam County*, 525 S.W.2d 488 (Tenn.App.1975); *Cole v. State*, 539 S.W.2d 46 (Tenn.Cr.App.1976).

■ If Rule 4.04 is a jurisdictional alternative, then *T.C.A.*, § 20–220, is rendered meaningless since all permissible forms of service are embraced by the rule. There would be no situation where the statute applied while the rule did not. Thus, the limitation in the statute would be rendered meaningless and would result in repeal by implication, which is not favored and will only be found when there is an irreconcilable conflict between statutes. *Massachu-*

*setts Mutual Life Ins. Co. v. Vogue, Inc.*, 54 Tenn.App. 624, 393 S.W.2d 164 (1965).

The method of testing whether a foreign corporation is subject to suit in a particular state is set forth in 36 Am.Jur.2d, *Foreign Corporations*, § 466 at pp. 469–70, as follows:

There are two parts to the question whether a foreign corporation is subject to suit in a particular state. *The first is whether, as a matter of state law, the state has provided for bringing the corporation into its courts under the circumstances of the case presented;* the second is whether, as a matter of federal law, the assumption of jurisdiction over the corporation violates the due process or interstate commerce clause of the Federal Constitution. [Emphasis added.]

■ Jurisdiction over foreign corporations within the limits of due process is a matter of legislative discretion, as stated in *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 1332 (1952):

"Provisions for making foreign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process. Still less is it incumbent upon a state in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the state." *Missouri P.R. Co. v. Clarendon Co.*, 257 U.S. 533, 535, 42 S.Ct. 210, 211, 66 L.Ed. 354.

■ We hold that *T.C.A.*, § 20–220 is jurisdictional and imposes a jurisdictional limitation on service of process perfected under procedures contained in *T.R.C.P.*, 4.04.

■ The second argument made by plaintiffs is that section (f) of the Long Arm Statute, *T.C.A.*, § 20–235, would be "undermined" by a determination that these defendants are not subject to jurisdiction in

Tennessee courts for the alleged cause of action.

Section (f) makes nonresidents who cannot be personally served in this state subject to jurisdiction of Tennessee courts on "[a]ny basis not inconsistent with the constitution of this state or of the United States."

This argument overlooks the basis of jurisdiction under the Long Arm Statute which is not based on defendant's relationship to the state but on the conduct of defendant or particular occurrence or event with consequences within this state. The Long Arm Statute affords a basis for specific jurisdiction upon prescribed circumstances as opposed to general jurisdiction but general jurisdiction over foreign corporations is historically not without limitations.

As observed by the United States Supreme Court in the case of *Simon v. Southern Ry.*, 236 U.S. 115, 130, 135 S.Ct. 255, 260, 59 L.Ed. 492 (1915),

> [T]his power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in *Old Wayne Mut. Life Asso. v. McDonough*,

204 U.S. 22(8), 51 L.ed. 351, 27 Sup.Ct. Rep. 236, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states.

Later, specifically in the case of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court permitted the exercise of jurisdiction with respect to activities largely unconnected with the forum but arising from in-state contacts nevertheless. At page 320, 66 S.Ct. at page 160 of that Opinion, the Court emphasized that "[t]he obligation which is here sued upon arose out of [the] . . . very activities" relied upon to "establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce the obligations which appellant has incurred there."

Later, in the *Perkins* case cited *supra,* the Supreme Court held the exercise of judicial jurisdiction over a corporation which does business within the forum is not a denial of due process as to a cause of action unrelated to that business if the corporation's activities in the state are sufficiently continuous and substantial to make exercise of such jurisdiction reasonable.[3] As noted *supra,* the case holds if there is substantial contact with a state of a continuing nature, the legislature may extend jurisdiction to adjudicate over the foreign corporation for causes of action arising in another jurisdiction.

Under our analysis of the provisions of the Long Arm Statute, the statute affords specific jurisdiction to adjudicate and is limited to the matters arising out of or substantially related to the circumstances established by the statute upon which the jurisdictional claim is based. It would be a

---

3. In *Perkins,* the mining company's principal activities were in the Philippine Islands and plaintiff could not bring suit in that forum during the Japanese Occupation. The forum state at the time of suit was one where the defendant had substantial contacts and could be considered the defendant's main or head office.

strained construction to construe section (f) of the Long Arm Statute as extending jurisdiction to the extent *Perkins* allows when section (f) is part of an enactment basing jurisdiction upon intrastate activities or consequences and, again, would render meaningless and repeal by implication T.C.A., § 20–220.

Finally, plaintiffs contend *DeLaney, supra,* should not be followed because it is inconsistent with an earlier line of cases, beginning with *Cumberland Telephone Co. v. Turner,* 88 Tenn. 265, 12 S.W. 544 (1889). Plaintiffs contend that these cases are authority that T.C.A., § 20–220 was intended to supplement, rather than limit, existing bases of jurisdiction. The other bases referred to were found in the predecessor statutes to Rule 4.04 and were T.C.A., §§ 20–217—8. Those statutes provided for service upon a corporation through officers, agents and resident directors, either in the county in which the corporation maintained its chief office or in other counties in which the corporation had an officer or resident director. T.C.A., § 20–220 is considered supplemental to the repealed statutes in the sense that the procedural statutes in effect at the time of T.C.A., § 20–220's enactment required a resident director, agency or the like to be served in the forum county for jurisdiction to be obtained over any corporation, foreign or domestic.[4] T.C.A., § 20–220, which deals exclusively with foreign corporations, removed that requirement, allowing suit against corporations found "doing business" in Tennessee. However, this expansion of the existing basis of jurisdiction was coupled with a specific limitation; that such suits were limited to causes of

action arising in Tennessee from transactions here. The cosmetic differences with the prior holdings may be reconciled by following the decision of *DeLaney Furniture Co. v. Magnavox,*[5] *supra,* in which T.C.A., § 20–220 was held to control jurisdiction respecting the locus of the cause of action; while the predecessor statutes to Rule 4.04(4) controlled in respect to all other matters.

We are not unmindful of the reported decision of this Court, *Atchison, Topeka & Santa Fe Ry. Co. v. Ortiz,* 50 Tenn.App. 317, 361 S.W.2d 113 (1962), which allowed a suit on a cause of action arising in another state to be maintained against a foreign corporation on service perfected in accordance with the then T.C.A., § 20–218. While *DeLaney* does not mention *Ortiz,* it is clearly overruled. Nowhere in *Atchison* is T.C.A., § 20–220 considered, except mention in the dissenting opinion, and the issue considered was whether due process requirements were met.

In the case *sub judice,* defendant-nonresident corporations were brought before the court by service of process, in accordance with T.R.C.P., 4.04, but this limited determination begs the question. The issue thus becomes whether the legislature has extended subject matter jurisdiction to the cause of action asserted. We hold that while perfecting service of process in accordance with Rule 4.04 brings the foreign corporation before the court, § 20–220 denies the court jurisdiction over the subject matter, *i. e.,* jurisdiction is only provided to the extent the cause of action "relates to any transaction had, in whole or in part, within this state, or any cause of action

---

4. For a discussion of those statutes, *See Railroad Co. v. Walker,* 77 Tenn. (9 Lea) 475 (1882).

5. It is suggested by the author of "Jurisdictions over Foreign Corporations in Tennessee", 42 Tenn.Law Review 325 at 352, that a basis to exercise jurisdiction over a foreign corporation may be found in the common law as defined by *International Shoe, supra. DeLaney* was decided subsequently and the *International Shoe* case, along with *Hanson v. Denckla,* 357 U.S.

235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), are said to establish "three rules" to test jurisdiction. The "rules" include the statement, "The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum." 47 Georgetown L.J. 342, 351–52 (1958).

arising here, but not otherwise." An analogy may be drawn to the abatement statutes and others, *e. g., T.C.A.,* § 20–903, provides that although service is perfected upon the party, if statutory limitations are timely raised, the court is without jurisdiction to proceed with the case.

We are required, whenever possible, to construe potentially conflicting statutes in a manner so as to give effect to both without conflict. *See Parkridge Hospital, Inc. v. Woods,* 561 S.W.2d 754 (Tenn.1978). As the Supreme Court stated in the *DeLaney* case, a foreign corporation doing business in Tennessee cannot be sued on a claim arising wholly outside of Tennessee and having no connection with Tennessee. The Court added: "While other statutes provide for service of process on corporations, (T.C.A., §§ 20–217, 20–218, 48–910 and others), and are to be read in *pari materia,* T.C.A. § 20–220 controls the right to sue, with respect to the origin of the cause of action." 222 Tenn. p. 337, 435 S.W.2d p. 832.

Under *T.C.A.,* § 20–220 and the decision in *DeLaney,* this suit may not be maintained. The dismissal by the trial court is affirmed and the costs incident to the appeal are taxed against the plaintiffs-appellants.

PARROTT, P. J., and SANDERS, J., concur.