**Darrell TURNER and Denisa Turner**

v.

**NATIONWIDE AUTO TRANSPORTERS, INC.**

Civ. No. 3-80-461.

United States District Court,
E. D. Tennessee, N. D.

Dec. 19, 1980.

W. Zane Daniel, Knoxville, Tenn., for plaintiffs.

Paul Hogan, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this diversity action plaintiffs seek damages arising out of an automobile accident which occurred in the State of Oklahoma. Plaintiffs are Tennessee residents and the defendant is a New Jersey corporation doing business in Tennessee. Defendant has moved to dismiss because this Court lacks jurisdiction over it.

■ In diversity cases federal courts must look to the law of the forum state to determine the extent of its in personam jurisdiction. *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972). Plaintiff asserts that T.C.A. § 20-235(f) is the applicable law. That statute makes nonresident persons, including corporations, who cannot be personally served in Tennessee, subject to the jurisdiction of Tennessee courts on "[a]ny basis not inconsistent with the constitution of this state or of the United States." Plaintiffs therefore argue that the defendant may be sued in Tennessee even though the act giving rise to this suit did not arise out of defendant's activities in this state. Defendant relies upon T.C.A. § 20-220, which provides in relevant part that a foreign corporation

> shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, *so far as relates to any transaction had, in whole or in part, within this state, or any cause of action arising here, but not otherwise.* (Emphasis added).

Defendant thus argues that a foreign corporation cannot be sued on a claim arising wholly outside the State of Tennessee and having no connection with Tennessee. Based upon our examination of the law of Tennessee, we conclude that plaintiffs' reliance on T.C.A. § 20-235(f) is misplaced and that defendant's motion must be granted.

In its brief, defendant relies upon *Delaney Furniture Co., Inc. v. Magnavox Co. of*

*Tennessee,* 229 Tenn. 329, 435 S.W.2d 828 (Tenn.1968). *Delaney, supra,* clearly supports defendant's position, but was decided prior to the enactment of subsection (f) of T.C.A. § 20–235. Therefore, that case does not consider the interaction of T.C.A. § 20–220 and T.C.A. § 20–235. Our search of Tennessee law has not revealed an interpretation of these statutes by the Supreme Court of Tennessee. However, the Court of Appeals of Tennessee, Eastern Section, has considered the precise issue before this Court. In *Gillis v. Clark Equipment Co.,* 579 S.W.2d 869 (Tenn.App.1978), the Court held that T.C.A. § 20–220 is jurisdictional, and therefore a foreign corporation cannot be sued on a claim arising wholly outside of Tennessee and having no connection with Tennessee. "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. [Citing cases]." *West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). We believe that *Gillis* states the law to be applied in this case.

It is undisputed that the automobile accident which is the subject of this suit occurred in Oklahoma and did not arise out of defendant's activities in Tennessee. Therefore, we are constrained to hold that this Court is without jurisdiction over the defendant. We need not reach plaintiffs' arguments addressed to whether defendant has sufficient "minimum contacts" to subject it to the personal jurisdiction of this Court.

For these reasons, it is ORDERED that defendant's motion to dismiss be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.