**Robert D. CONATSER and Barbara Conatser**

v.

**KRAFT, INC.**

No. 2–86–0047.

United States District Court, M.D. Tennessee, Northeastern Division.

July 14, 1986.

Michael A. Walker, Jamestown, Tenn., for plaintiff.

James M. Doran, Jr., Michael Evans, of Manier, White, Herod, Hollabaugh & Smith, P.C., Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, Senior District Judge.

This suit is a negligence action alleging an accident which occurred in Decatur, Georgia, when the employee of the defendant allegedly injured the plaintiff Robert D. Conatser, a Tennessee resident, while he was loading a truck. The plaintiff was an independent truck driver working through the Tennessee Cartage Company, Nashville, Tennessee. The defendant is a corporation chartered under the laws of Delaware. The defendant had a plant in Decatur, Georgia, and is also qualified to conduct business in the State of Tennessee. The defendant filed a motion to dismiss alleging that this court does not have jurisdiction. The plaintiff has filed a response asserting that this cause does in fact have jurisdiction based on diversity of citizenship.

In a diversity case, it is clear that a federal court must look to the law of the forum state to determine the extent of its in personam jurisdiction. *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Circuit 1972). Regardless of the predictions of what the Tennessee courts would hold on this question, *see In-Flight Devices Corp., supra,* and *Lawson & Co. et al. v. Penn Central Co.*, 456 F.2d 419 (6th Cir.1972), the Tennessee courts have now spoken in the cases of *Gillis v. Clark Equipment Co., et al.*, 579 S.W.2d 869 (Ct. of Appeals 1978) and *Williams v. Williams & Bemis Co., Inc.*, 621 S.W.2d 567 (Ct. of App.1981). *See also Turner v. Nationwide Auto Transporters*, 507 F.Supp. 396 (1980). It is apparent that the accident sub judice did not arise out of defendant's actions in Tennessee, but solely from its operations in Georgia. Thus this court has no in personam jurisdiction, and the case is dismissed.