**P & E ELECTRIC, INC.**

**v.**

**UTILITY SUPPLY OF AMERICA, INC., et al.**

**No. 3–85–1186.**

United States District Court, M.D. Tennessee, Nashville Division.

Sept. 10, 1986.

---

Jinx S. Woods, Ronald W. Routson, Woods & Woods, Nashville, Tenn., for plaintiff.

Clement J. Cartron, Huntsville, Ala., for Utility Supply of America, Inc. and Don Wood.

John T. Conners, Kenneth H. King, Jr., Boult, Cummings, Conners & Berry, Nashville, Tenn., for Sigma Instruments.

Michael Miller, Gracey, Maddin, Cowan & Bird, Nashville, Tenn., for International Telephone and Telegraph Corporation.

James W. Doran, Jr., Michael E. Evans, Manier, White, Herod, Hollabaugh & Smith, P.C., Nashville, Tenn., for Westinghouse Electric Corp.

## MEMORANDUM

HIGGINS, District Judge.

This action was brought by the plaintiff, P & E Electric, Inc., (P & E), against the defendants, Utility Supply of America, Inc., (Utility), Don Wood, Sigma Instruments, Inc., (Sigma), International Telephone & Telegraph (IT & T) and Westinghouse Corporation (Westinghouse) on October 10, 1985. The plaintiff alleges that the defendants Sigma, IT & T and Westinghouse as manufacturers and Don Wood and Utility, as their authorized distributor, breached express warranties, implied warranties of merchantability and implied warranties of fitness for a particular purpose. In addition, the plaintiff alleges that the conduct of Don Wood and Utility constituted a breach of contract.

The plaintiff alleges jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Personal jurisdiction over the nonresident defendants is alleged to exist on the basis of the Tennessee Long Arm Statute, T.C.A. 20-2-214, the transaction allegedly occurring and the cause of action allegedly arising in Tennessee.

The defendants Westinghouse (motion filed November 12, 1985), Don Wood and Utility (motion filed November 13, 1985), IT & T (motion filed November 18, 1985), and Sigma (motion filed November 26, 1985) have each moved to dismiss. Westinghouse and IT & T have moved to dismiss on the grounds of a lack of in personam jurisdiction and on the grounds that the action is barred by the applicable statute of limitations. Don Wood and Utility have moved to dismiss on the basis of a lack of in personam jurisdiction and, as to Don Wood individually, on the basis that his conduct was in his capacity as a representative of the defendant Utility. Sigma has moved to dismiss on the basis of the applicable statute of limitations.

This matter was referred to the Magistrate by order dated December 19, 1985, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate filed his Report and Recommendation on April 11, 1986. The plaintiff's motion for *de novo* review (filed April 21, 1986) of the Report and Recommendation was granted on May 12, 1986. A hearing in this matter was held on May 27, 1986. For the reasons set forth below, the Court sustains the plaintiff's objections to the

Magistrate's finding of a lack of in personam jurisdiction over the defendants Sigma and IT & T. The remainder of the Report and Recommendation is adopted and approved and this action is hereby dismissed as to all defendants.

## I.

The plaintiff, while objecting to his legal conclusions, does not object to the Magistrate's recitation of the facts as found in the Report and Recommendation. Accordingly, the Court adopts and approves the Magistrate's findings of fact and the same are incorporated herein by reference.

The plaintiff first objects to the Magistrate's determination that the Court lacks in personam jurisdiction over the defendants Sigma, IT & T and Westinghouse. As to the defendants Sigma and IT & T, the Court finds that the plaintiff's objections should be sustained.

■ Sigma failed to raise the defense of a lack of in personam jurisdiction in its motion to dismiss. The Magistrate nonetheless raised the issue *sua sponte*. The Court finds such action to be improper. Rule 12(b), Fed.R.Civ.P., provides that the defense of lack of jurisdiction over the person may be presented by motion. Rule 12(h) further provides in pertinent part, however:

(1) A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g).

Rule 12(g) in turn provides in pertinent part:

If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised, he shall not thereafter make a motion based on the defense or objection so omitted ...

While the Court may dismiss an action, pursuant to Rule 12(h)(3), *sua sponte* for lack of subject matter jurisdiction, the same is not true with respect to personal jurisdiction. The defendant Sigma has clearly waived any such defense.

As to the remaining defendants, the Magistrate determined that personal jurisdiction is governed by T.C.A. 20–2–201 and that such jurisdiction is absent. The plaintiff objects, contending first that the applicable statute is T.C.A. 20–2–214. The Court does not agree.

T.C.A. 20–2–214, the Tennessee Long Arm Statute, provides in pertinent part:

(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(6) Any basis not inconsistent with the constitution of this state or of the United States.

T.C.A. 20–2–214, as amended in 1972 to add subsection (6) (formerly 20–235(f)), has been interpreted to provide courts in Tennessee, and hence this Court sitting in a diversity case, with personal jurisdiction consistent with the limits of the due process clause. The plaintiff contends that the manufacturer defendants, while not contracting with it or shipping goods into Tennessee, did purposefully avail themselves of the privilege of acting in Tennessee through their authorized distributor, Utility. The plaintiff argues that under the holdings of the Sixth Circuit and under T.C.A. 20–2–214, the defendants are subject to the personal jurisdiction of this Court. *See, Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir.1968). The Court disagrees, finding T.C.A. 20–2–201 to be controlling.

T.C.A. 20–2–201 provides:

Foreign corporations subject to actions.—(a) Any corporation claiming existence under the laws of the United States or any other state or of any country foreign to the United States, or any business trust found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state

or any cause of action arising here, but not otherwise.

(b) Any such corporation or trust having any transaction with persons or having any transaction concerning any property situated in this state, through any agency whatever acting for it within the state, shall be held to be doing business here within the meaning of this section.

The Tennessee Supreme Court indicated in *Delaney Furniture Co. v. Magnovox Co. of Tennessee,* 222 Tenn. 329, 435 S.W.2d 828, 832 (1968), that T.C.A. 20–220, now 20–2–201, controls the right to sue with respect to the origin of the cause of action, and that "a foreign corporation doing business in Tennessee can't be sued on a claim arising wholly outside Tennessee and having no connection with Tennessee." *Delaney* was, however, decided prior to the amendment of T.C.A. 20–2–214, adding subsection (6), and thereby expanding the scope of Tennessee's long arm jurisdiction. *Delaney* did not then address itself to the interaction of these two statutes. *See, Turner v. Nationwide Auto Transporters, Inc.,* 507 F.Supp. 396 (E.D.Tenn.1980). This issue was considered by the Tennessee Court of Appeals for the Eastern Section in *Gillis v. Clark Equipment Co.,* 579 S.W.2d 869 (Tenn.App.1978). In *Gillis,* as here, the plaintiff contended that subsection (6) of the Tennessee Long Arm Statute would be undermined if 20–2–201 were found to be a jurisdictional bar. The court in *Gillis* noted that:

> This argument overlooks the basis of jurisdiction under the Long Arm Statute which is not based on defendant's relationship to the state but on the conduct of defendant or particular occurrence or event with consequences within this state. The Long Arm Statute affords a basis for specific jurisdiction upon prescribed circumstances as opposed to general jurisdiction but general jurisdiction over foreign corporations is historically not without limitations.

*Id.* at 873. The Court continued, stating:

> Under our analysis of the provisions of the Long Arm Statute, the statute affords specific jurisdiction to adjudicate and is limited to the matters arising out of or substantially related to the circumstances established by the statute upon which the jurisdictional claim is based.

*Id.* The *Gillis* court concluded that to extend subsection (6) of the Long Arm Statute merely because a foreign corporation has substantial contact of a continuing nature with the state would be a constrained construction in that subsection (6) is "part of an enactment basing jurisdiction upon intrastate activities or consequences." The court declined to so extend subsection (6) of the Long Arm Statute and thereby "render meaningless and repeal by implication" T.C.A. 20–2–201. *Id.* at 874.

This Court, as did the court in *Turner v. Nationwide, supra,* finds that *Gillis* states the law to be applied with respect to personal jurisdiction over foreign corporations. As noted by the Supreme Court in *West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940):

> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. (citations omitted).

The Court finds no reason to believe that the Tennessee Supreme Court would not follow the reasoning of *Gillis.* The Court therefore concludes that T.C.A. 20–2–201 is jurisdictional and is governing in the case at bar.

The plaintiff contends that even under T.C.A. 20–2–201 in personam jurisdiction over the defendants IT & T and Westinghouse is present. As to IT & T, the Court sustains the plaintiff's objection to the Magistrate's findings. Exhibit B to the affidavit (filed March 3, 1986) of Wayne Singleton, Vice President of P & E, consists of various shipping tickets for products shipped by the defendant IT & T directly to the plaintiff P & E. The shipping tickets indicate that some portion of the goods was shipped from IT & T's Memphis,

Tennessee, facility to P & E at the Fort Polk, Louisiana, project site. The Court concludes that as to the defendant IT & T, this cause of action did arise in part in Tennessee as is required under T.C.A. 20–2–201.

■ With respect to the defendant Westinghouse, however, the Court finds no evidence in the record indicating that this cause of action arose in whole or in part in Tennessee. Delivery, installation and discovery of the defects occurred in Louisiana. While the plaintiff was contacted in Tennessee by and contracted in Tennessee with defendants Wood and Utility, said defendants were merely a distributor for Westinghouse and not its agent. The Distributor Agreement (Exhibit to affidavit of Donald B. Wood, filed April 8, 1986) between Utility and Westinghouse states at paragraph 3(B): "The Distributor is in no way the legal representative or agent of Westinghouse and has no authority to assume or create any obligation on behalf of Westinghouse with respect to Lamps." The Court finds that Westinghouse transacted no business with the plaintiff in Tennessee which gave rise to this cause of action. Westinghouse did not transact business through "any agency whatsoever acting for it within the state" such as would provide a basis for in personam jurisdiction under T.C.A. 20–2–201(b).

## II.

The plaintiff additionally objects to the Magistrate's finding that the Louisiana statute of limitations (prescriptive statute) for warranty actions (actions in redhibition), ch. 6, Title 7, § 3, Article 2534 of the Louisiana Civil Code, governs. Article 2534 provides a one-year statute of limitations for such actions and would thus bar the plaintiff's cause which was filed some three years after the date by which the defects were known to the plaintiff. The Magistrate concluded that under the Restatement (Second) of Conflicts § 191 (1971) and the Tennessee Court of Appeals'

decision in *Four Seasons, infra,* the Louisiana statute of limitations should govern. While expanding upon the Magistrate's analysis, the Court reaches the same conclusion, finding this cause of action to be barred as to all defendants.

The Court agrees with the plaintiff that initially consideration must be given to the general principles set forth in the Restatement (Second) of Conflicts §§ 142 and 143. Section 142 provides in pertinent part:

(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143.

Section 143 provides, in turn:

An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy.

The Court must, then, initially determine "the state of the otherwise applicable law".

The transactions in the case at bar arose from the sale of goods and are therefore governed by the Uniform Commercial Code as adopted in the State of Tennessee, T.C.A. 47–1–101 *et seq.* T.C.A. 47–1–105 provides the applicable choice of law provision:

(1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement chapters 1 through 9 of this title apply to transactions bearing an appropriate relation to this state.

Comment 3 states:

Where a transaction has significant contacts with a state which has enacted the Act and also with other jurisdictions, the question what relation is "appropriate" is left to judicial discretion.

The plaintiff contends that this series of transactions has an appropriate relation-

ship to Tennessee. The Court does not agree.

The Magistrate and the defendants relied upon § 191 of the Restatement and on *Four Seasons Gardening & Landscaping v. Crouch*, 688 S.W.2d 439 (Tenn.App. 1984), in determining the applicable limitations period. Section 191 and *Crouch* do not, however, directly and independently form the basis for such a determination. They do provide a basis for making the initial determination under T.C.A. 47–1–105 of whether the transactions have an appropriate relation to Tennessee such that Tennessee and not Louisiana would be the state of "the otherwise applicable law" pursuant to § 143 of the Restatement.

■ Section 191 of the Restatement does not deal specifically with the issue of statutes of limitations as do §§ 142 and 143. Rather, it is contained in that chapter of the Restatement pertaining to contracts. Section 191 provides:

> The validity of a contract for the sale of an interest in a chattel and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where under the terms of the contract the seller is to deliver the chattel unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Section 191 specifically applies to breach of warranty claims as in the case at bar. *See,* § 191, comment b. In *Crouch*, the defendant contended that a contract, entered in Tennessee, for the sale of goods to be delivered in Georgia was governed by Tennessee law. The Tennessee Court of Appeals rejected that contention on the basis of § 191 and found Georgia law to govern. Tennessee courts, then, appear to determine the question of "appropriate" relation under T.C.A. 47–1–105 on the basis of § 191 of the Restatement. In the case at bar, the goods were delivered in Louisiana. Unless Tennessee has "a more significant relationship" to the transaction pursuant to § 191, the transaction does not have an "appropriate" relation to Tennessee such that Tennessee law would govern under T.C.A. 47–1–105. The Court finds that Tennessee does not have a "more significant relationship" to the transaction and so the transaction does not have an "appropriate" relation to Tennessee. Louisiana law therefore governs pursuant to T.C.A. 47–1–105.

■ Having determined that Louisiana is the state of "the otherwise applicable law," under § 143 of the Restatement, the Court must now determine whether the applicable Louisiana statute of limitations bars the right and not merely the remedy. The Restatement (Second) of Conflicts (1971) has rejected the traditional procedural—substantive dichotomy in favor of a determination of whether a statute of limitations applies to the right as well as the remedy. Restatement (Second) of Conflicts § 122, comment b (1971). The determination is essentially the same, however. When the foreign limitations period is intended to extinguish the right, it is considered to be substantive. *See,* E. Scoles and P. Hay, *Conflict of Laws* § 3.10 (1982). The forum is to "determine in accordance with its own conceptions whether a statute of limitations of a second state bars the right and not merely the remedy". Restatement (Second) of Conflicts § 143 comment b (1971). Generally, a two-pronged test is employed. First, the liability to be enforced must have been created by statute. Restatement (Second) of Conflicts § 143 comment c; *see also,* E. Scoles and P. Hay, *Conflict of Laws* § 3.10 (1982). Second, the limitation provision must be directed to the right "so specifically as to warrant saying that it qualified the right". Restatement (Second) of Conflicts § 143, comment c (quoting *Davis v. Mills*, 194 U.S. 451, 454, 24 S.Ct. 692, 693, 48 L.Ed. 1067 (1904)). The law of Tennessee is in accord with the general rule that if under this test the statute of limitations is general and hence procedural, it will not be adopted by the forum. If, however, the foreign stat-

ute "creates the right and limits the enforcement of the right to a specified time, the law of the place where the wrong was committed usually applies" (citations omitted). *Sigler v. Youngblood Truck Lines,* 149 F.Supp. 61 (E.D.Tenn.1957).

In the case at bar, the plaintiff's claims are based upon alleged breaches of express and implied warranties. Under the law of Louisiana such claims are governed by statute and are known as redhibitory actions. *See,* Louisiana Civil Code § 2520 *et seq.* The statute provides its own statute of limitations, or period of prescription. Louisiana Civil Code § 2534. Section 2534 provides in pertinent part:

> The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.

The Louisiana statute clearly meets the first prong of the test. Redhibitory actions were created by statute in Louisiana, said statute including its own limitations period. The fact that the statute contains its own limiations period is relevant to its construction and is "a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere." *Myers v. Alvey-Ferguson Company,* 331 F.2d 223 (6th Cir.1964). Moreover, here, the Court finds that the limiation is so specifically directed to the right as to qualify it. The Court therefore concludes that § 2534 bars the right and is substantive. The Court must, then, adopt the Louisiana one-year limitations period. The Court finds that under that limitations period, this action is barred and must be dismissed as to all the defendants, the complaint admittedly having been filed over one year from the discovery of the defects.[1]

An appropriate order will be entered.

---

1. The parties did not raise and the Magistrate did not consider the effect of the failure of defendants Don Wood and Utility to raise the statute of limitations defense. Under Rule 8(c) of the Federal Rules of Civil Procedure, the statute of limitations defense is an affirmative defense which must be pleaded in the first responsive pleading, or it is waived. *Heller v. Smither,* 437 F.Supp. 1, 2 n. 3 (M.D.Tenn.1977). The defendants Don Wood and Utility have not moved to dismiss on the grounds of the statute of limitations. Normally, such a failure would constitute a waiver. However, "the waiver rule is not automatically applied and as a practical matter there are numerous exceptions to it." 5 Wright and Miller, *Federal Practice and Procedure,* Civil § 1278 (1969). In the case at bar, the defense of statute of limitations was raised by each of the other defendants and responded to by the plaintiff. The issues raised by that defense would be identical for the defendants Don Wood and Utility. The Court concludes, as did the court in *Heller,* that the interests of justice require the Court to consider the defense as not having been waived. Consequently, this action is dismissed as to the defendants Don Wood and Utility.