■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH BARROW, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 9, 1977, convicting him of two counts of robbery in the first degree, upon a jury verdict, and imposing sentence. On October 30, 1978, this court remitted this case to the Criminal Term to hear and report on defendant's claim that his predicate felony conviction had been obtained in violation of his constitutional rights (see CPL 400.21, subd 7, par [b]), and the appeal has been held in abeyance in the interim *(People v Barrows*, 65 AD2d 625). Criminal Term has complied and filed its report. Judgment affirmed. Defendant was convicted of a prior felony in Alabama. He argues that this prior conviction may not serve as a predicate conviction under the second felony offender statute (CPL 400.21, subd 7, par [b]), alleging that (1) he was denied effective assistance of counsel by the failure of his Alabama counsel to bring to the Trial Judge's attention his eligibility for youthful offender treatment, and (2) the Alabama conviction was obtained in violation of Alabama law because the Trial Judge did not bring the possibility of youthful offender treatment to defendant's attention. Pursuant to this court's order of remittance, Criminal Term, after reviewing all of the exhibits submitted and the testimony of defendant at the hearing, reported that defendant was fully apprised by his attorney of the Alabama Youthful Offenders Act and understood its applicability, that his Alabama counsel acted judiciously and competently, and that his constitutional rights were not violated by his representation by the Alabama attorney. We agree with Criminal Term that defendant's constitutional rights were not violated by the representation by his Alabama attorney. The Alabama Youthful Offenders Act (Code of Ala [Recompiled, 1958], tit 15, §§ 266[1]-266[6]) provides that a person charged with a crime committed in his minority *shall* be investigated and examined by the trial court to determine whether he should be afforded youthful offender status (see *Matter of Clemmons v State*, 294 Ala 746). The duty of the trial court to bring to the attention of the minor the possibility of youthful offender treatment is not mandated by either the Constitution of the United States or the Constitution of Alabama, but is imposed only by statute *(Matter of Clemmons v State, supra)*. It is clear on the record in the instant case that defendant committed a felony in Alabama while still a minor and that he was convicted and sentenced without being informed by the Trial Judge of his eligibility for youthful offender treatment. The record also shows that defendant and his Alabama counsel discussed the possibility of youthful offender treatment but decided not to request it. Based on the attorney's own previous experience before the court, his discussion with a probation officer, defendant's extensive juvenile court record, and the nature of the charges faced by defendant at the time, counsel concluded that there was no possibility of defendant being granted such treatment. Counsel, instead, negotiated with the District Attorney, and defendant was allowed to plead

guilty to fewer charges and was given a sentence of a year and a day, instead of a possible 10-year sentence. Under these circumstances, it cannot be said that defendant was denied the effective assistance of counsel (see *People v Tomaselli,* 7 NY2d 350; cf. *People v Taylor,* 86 Misc 2d 445). Moreover, the failure of counsel to request youthful offender treatment at trial does not render his performance inadequate inasmuch as the Alabama statute places the burden upon the court to determine whether the minor is eligible for youthful offender treatment. It is clear that defendant was convicted in violation of Alabama law. If he had appealed from the Alabama judgment in Alabama, the matter would have been remanded to the Trial Court for a determination as to whether the sentence should be set aside and defendant afforded youthful offender treatment (see *Matter of Clemmons v State,* 294 Ala 746, *supra).* This court, however, is without power to modify or vacate the judgment (contra, *People v Taylor, supra).* Furthermore, a mere error of law is no ground for denying full faith and credit to a judgment of a sister State (see *Matter of Acheson,* 28 NY2d 155; Restatement, Conflict of Laws 2d, § 106). Defendant was properly sentenced as a second felony offender because his prior conviction was not obtained in violation of his constitutional rights (see CPL 400.21, subd 7, par [b]). O'Connor, J. P., Rabin, Cohalan and Margett, JJ., concur.