OPINION OF THE COURT
Bruce McM. Wright, J.
In this action to enforce a Pennsylvania judgment against the defendant, a New York resident, the plaintiff moves for an order pursuant to section 1738 of title 28 of the United States Code granting summary judgment to the plaintiff. The moving affidavit is authored by counsel for the plaintiff and, presumably, he relies upon the sense of Zuckerman v City of New York (49 NY2d 557, 563) where affidavits in support of summary judgment, sworn to by counsel without personal knowledge, are tolerated because they “serve as the vehicle for the submission of acceptable attachments which do provide ‘evidentiary proof in admissible form’, e.g., documents, transcripts.”
The defendant has caused an answer to be interposed in which he couples denials with six affirmative defenses. They assert that there was no personal jurisdiction over defendant in Pennsylvania; the complaint fails to state a cognizable claim; there was no subject matter jurisdiction in Pennsylvania; both the Statute of Limitations and laches (although in an action at law, laches is no defense); fraud in the State of Pennsylvania and upon the court there; and an absence of notice to the defendant.
*871 The exhibits annexed to the moving papers show that the defendant here was one of three defendants in the Pennsylvania process. Defendant was served by registered mail and he was the only defendant against whom judgment was entered in the sum of $8,345.22.
The judgment is granted.
The plaintiff has supplied the oath of an expert on Pennsylvania law. It appears that Pennsylvania law was satisfied in terms of jurisdiction. The defendant does not contest the assertion that he signed a personal guarantee; that the court had jurisdiction of the corporation of which the defendant was a vice-president and that the statute is clear that that circumstance gave the defendant some connection with the corporation in Pennsylvania. Neither can the defendant defeat jurisdiction by claiming he did not receive notice of the intention of the plaintiff to cause judgment to be entered when he refused to claim the registered mail addressed to him. He does not deny the accuracy of his address.
The documents before the court show that Pennsylvania law was followed assiduously and exactly. Section 1 of article IV of the United States Constitution provides that full faith and credit be given to the judicial proceedings of a sister State (Matter of Horton, 91 Misc 2d 885). Such a judgment is presumed to be valid and is entitled to prima facie recognition, the presumption being that the foreign State proceeded to judgment only after duly acquiring jurisdiction of the subject matter and of the parties. (9 Carmody-Wait 2d, NY Prac, § 63:248, p 274; see Overmyer v Eliot Realty, 83 Misc 2d 694.) The rule of full faith and credit is applied even where a judgment has been obtained by default, absent proof of fraud or collusion (Riehle v Margolies, 279 US 218, 225). Any fraud claimed must be extrinsic fraud on the court and relate to matters other than issues that could have been litigated.
Defendant’s effort to attack collaterally the Pennsylvania judgment, imposes upon him a stern and heavy burden. He must show with clear and explicit proof that the judgment is invalid due to a lack of both personal and subject matter jurisdiction (9 Carmody-Wait 2d, NY Prac, *872 § 63:248, p 274). In Cook v Cook (342 US 126, 128), the Supreme Court described the burden of one attacking the propriety of a judgment arraigned as invalid, as one that “ ‘rests heavily upon the assailant.’ ”
Any inquiry by this court analyzing the validity of a judgment obtained elsewhere is limited to a determination of the jurisdictional issues as they are raised by the defendant (Mansfield State Bank v Cohn, 95 Misc 2d 326). The controlling jurisdictional statutes are those of Pennsylvania, the forum where the judgment was entered (Gladding Corp. v Balco-Pedrick Parts Corp., 76 AD2d 1) and not that of New York. Naturally, the foreign statutes conferring jurisdiction must comport with due process as measured by International Shoe Co. v Washington (326 US 310) and Hanson v Denckla (357 US 235).
It is interesting that with all of the denials and elaborately pleaded defenses, the defendant never troubles to mention his status as vice-president of the Kerrin Corp., one of the defendants named in the Pennsylvania action. This is of some importance since the defendant is asking that the New York court look into the jurisdictional frailty of the case against him. Title 42 of the Pennsylvania statutes contains section 5322 of the Judiciary and Judicial Procedure Law. In pertinent part, that statute reads: “(a) General rule. — A tribunal of this Commonwealth may exercise personal jurisdiction over a person * * * who acts directly or by an agent, as to a cause of action or other matter arising from such person”.
The statute has a short title reading “Bases of personal jurisdiction over persons outside this Commonwealth.” Section 5322 (subd [a], par 1, cl [iv]) speaks of those who are engaged “in any business or profession within this Commonwealth,” and the “most minimum contact” with the Commonwealth satisfies the statute. Subdivision (c) of rule 2079 of the Pennsylvania Rules of Civil Procedure provides for the service of process outside the State of Pennsylvania and jurisdiction may be obtained: “(3) by registered letter sent by the plaintiff * * * addressed to the last known address of the defendant and requiring a receipt signed by the defendant. If the letter is returned by the post office without a receipt signed by. the defendant *873 but with notation by the postal authorities that the defendant refused to accept the letter, the plaintiff shall have the right of service by ordinary mail addressed to the defendant at the same address, with the return address of the sender appearing thereon”.
The defendant does not argue that this procedure was not followed literally, as per the affidavit of the Pennsylvania lawyer proffered by the plaintiff. The defendant dared and invited the entry of the Pennsylvania judgment. It appears to have been entered in accordance with statutes calculated to give foreign residents notice and an opportunity to defend. Jurisdiction rests firmly upon the defendant’s signed guarantee in behalf of a corporation apparently domiciled in Pennsylvania, of which the defendant was an agent, to wit, a vice-president. Such a status falls squarely within the Pennsylvania statutes cited.
It is never enough for one opposing a motion for summary judgment to restate the ultimate facts pleaded in an answer or an affirmative defense (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341, 342). Nor, as Capelin continued, may a defendant in opposing a motion for summary judgment rely upon purely conclusory statements. There must be a full evidentiary record made, with no stinting. Summary judgment calls for a trial on paper “where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do”. (Zuckerman v City of New York, 49 NY2d 557, 560, supra.)
The defendant’s failure here to make any factual averments or submit any documentary proofs which would tend to brace up his claims, deprives his defenses of probative force here. This is a fatal defect (see Woodmere Academy v Steinberg, 53 AD2d 156, 159, affd 41 NY2d 746).
For all of the foregoing reasons, the motion is granted and the clerk is directed to enter judgment herein in favor of the plaintiff and against the defendant in the sum of $8,345.22, with interest from the 8th day of May, 1980, plus costs and disbursements.
*874 The cross motion is denied as rendered moot by the determination here.