Virginia A. DEMENT,
Plaintiff–Appellee,

v.

Stephen A. KITTS,
Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 1, 1989.

Permission to Appeal Denied by
Supreme Court Sept. 5, 1989.

Charles W. Burson, Atty. Gen. and Reporter, Stuart F. Patton, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

Mark C. Scruggs, Nashville, for defendant-appellant.

## OPINION

CANTRELL, Judge.

This appeal involves a judgment rendered by the Circuit Court of Sumner County on an intercounty support petition. Defendant-appellant Stephen A. Kitts asserts that the claim of plaintiff-appellee Virginia A. Dement is barred by laches, that the admission of the petition denies him due process of law, and that the foreign divorce decree ordering him to pay child support is void.

In July of 1987, Virginia A. Dement filed a petition for support in the Chancery Court of Cheatham County. The petition named Stephen A. Kitts as the defendant and alleged that he was the father of the plaintiff's three minor children; that the children were in need of support; that the defendant was under an order by the Circuit Court of Lake County, Illinois to pay support in the amount of $75.00 per week; and that, as of July 27, 1987, the defendant owed $42,322.50 under the Illinois order. The plaintiff filed an affidavit which reiterated the facts set forth in the petition and asserted that the defendant lived in Sumner County. Attached to the affidavit was a certified copy of an August 25, 1976 decree of the Circuit Court of Lake County, Illinois which granted the plaintiff a divorce and custody of the children and ordered the defendant to pay $25.00 per week as child support for each of the parties' three children.

Pursuant to Tenn.Code Ann. § 36–5–311 (1984), the chancellor transferred the petition to the Circuit Court of Sumner County. In November of 1987, the defendant answered the petition and raised the defenses of estoppel and laches. In his testimony, the defendant attacked the validity of the final decree of divorce. The trial court overruled the defenses and granted the plaintiff a judgment for $43,282.52 in accrued child support. In addition, the court ordered the defendant to begin paying $75.00 per week to the clerk of the court as current support. Finding that the defendant was unable to pay anything on the arrearage, the court refused to order the

defendant to make any payments in addition to the current support.

Although the parties have not separated the claim for the arrearage from the claim for future support, we deem it advisable to do so. The claims involve different considerations under the issues raised by the defendant in his brief.

## I. Future Support

On appeal, the defendant does not attack the amount of the weekly support ordered by the trial judge. There is apparently no dispute that the children's needs amount to $75.00 per week and that the defendant has the ability to pay that amount.

■ Although the defendant raised the defense of laches in the court below and in his brief in this court, the only laches argument advanced concerns the issue of the arrearage. Moreover, prejudice is a requirement for establishing the defense of laches. *See Murphy v. Emery,* 629 S.W.2d 895 (Tenn.1982). Even assuming that the defense of laches applies to the claim for future support, the defendant does not show in his brief or cite any part of the record which shows that he has been prejudiced by the delay in asserting the right to support. Therefore, we conclude that the defense of laches has not been established as to future support.

In the court below, the defendant also asserted that the plaintiff's claim for support was barred by the doctrine of estoppel. The defendant asserts that, when the plaintiff obtained a divorce in Illinois, she agreed that the defendant would not have to pay child support if he gave up any right to see the children. As a result of the agreement, the defendant has not tried to exercise any right to visitation and has had only minimal contact with the children.

■ On this point, however, we are convinced that the trial judge correctly held that the verbal agreements of the parties would not bind the court where the welfare of the children is concerned. If the court has the power to modify a decree which incorporated a written agreement by the parties, *Thomas v. Thomas,* 46 Tenn.App.

572, 330 S.W.2d 583 (1959), we think it must follow that the court has the power to order a parent to pay child support despite an agreement by the other parent to the contrary.

Next, the defendant asserts that the petition of the initiating county is inadmissible and does not establish a prima facie case for support or shift the burden of proof to him. An analysis of this issue reveals that it contains two parts. The first is the hearsay objection to the admissibility of the petition. The second is the effect to be given to the petition assuming it has been received into evidence.

■ With respect to the hearsay question, the defendant may be correct in asserting that the petition contains information based on hearsay. But, it is admissible hearsay due to Tenn.Code Ann. § 36-5-316(a)(1984), which provides:

(a) The courts of this state are to keep in mind the intent and purposes of this part as set out in § 36-5-301; therefore, the courts shall consider and recognize the petitions of the initiating county as certified by the courts as set out in § 36-5-311.

While subsection (a) of Tenn.Code Ann. § 36-5-316 affects the admissibility of the petition from the initiating county, subsection (b) provides the effect to be given to the petition once it is in evidence. Tenn. Code Ann. § 36-5-316(b) provides:

(b) The introduction of the petition from the initiating county when duly certified, shall create a presumption of the truthfulness of the facts alleged therein and prima facie evidence of the liability of the respondent and shall shift the burden of proof to such respondent.

■ The defendant argues, without any citation of authority, that Tenn.Code Ann. § 36-5-316 denies him due process of law. The issue of the constitutionality of the provision, however, was not raised in the court below and cannot be raised here for the first time unless the provision is "so obviously unconstitutional on its face as to obviate the necessity for any discussion." *Lawrence v. Stanford,* 655 S.W.2d 927, 929

(Tenn.1983). In our opinion, the provision is not obviously unconstitutional on its face. Thus, we think the defendant has waived the constitutional issue by not raising it below.

## II. The Arrearage

Although the defendant raised the defense of laches in the court below and in his brief in this court, at oral argument he conceded that laches would not be a good defense to the claim for the arrearage. Therefore, we consider this issue waived.

The amount of the arrearage, if any, depends on the efficacy of the divorce decree rendered by the Circuit Court in Lake County, Illinois. The defendant asserts that the order of support is void because it was rendered without any personal jurisdiction over him. The only proof in the record is a certified copy of the judgment itself and the following excerpt from the statement of the evidence:

Respondent was never served with any papers notifying him of the divorce action instituted in Lake County, Illinois. The parties had never lived together in Lake County, Illinois, and respondent had no idea that petitioner ever lived there. After their separation, petitioner called respondent and had him meet her at a truck stop in Illinois. She advised him that she had talked to a lawyer about getting a divorce. She told respondent that they were going to ask the court for $25.00 a week in child support. However, she told petitioner that she did not want him to pay the support. She advised him that if he made no effort to contact the children, then she would not require him to pay child support. Respondent had no idea at that time where petitioner was living or where the children were.

■ Based on this uncontradicted evidence, we might be justified in holding the prior decree void. Although the burden is on the one attacking a foreign decree to prove that it should not be given full faith and credit, *Four Seasons Gardening and Landscaping, Inc. v. Crouch*, 688 S.W.2d 439 (Tenn.Ct.App.1984), and the burden has

been described as "stern and heavy," *Diners Club, Inc. v. Makoujy*, 110 Misc.2d 870, 443 N.Y.S.2d 116, 117 (N.Y. City Civ.Ct. 1981), and as resting "heavily" on the one attempting to undermine a sister state decree, *Williams v. State of North Carolina*, 325 U.S. 226, 233–234, 65 S.Ct. 1092, 1096–1097, 89 L.Ed. 1577 (1945), the burden may be carried "by extrinsic evidence or by the record itself." *Riggs v. Coplon*, 636 S.W.2d 750, 755 (Tex.Ct.App.1982). Where the record contains uncontradicted evidence that the defendant was not personally before the court that rendered the judgment, we think the proof satisfies the burden placed on the one attacking the foreign judgment.

■ We are concerned, however, that the issue of the validity of the foreign judgment was not fairly tried in the court below. Apparently, the plaintiff was proceeding under Tenn.Code Ann. § 36–5–229 (Supp.1988) which provides for the registration of a certified copy of a foreign support order in an interstate proceeding. There is no provision for the registration of a certified copy of a foreign support order in a proceeding under the intercounty enforcement provisions, Tenn.Code Ann. §§ 36–5–301 to 36–5–324 (1984 & Supp.1988). But the defendant did not raise that issue in the court below; rather, he raised the following affirmative defense in his answer:

The defendant was never properly served in this matter and was not aware of the contents of the Final Decree of Divorce until this current matter.

■ While this defense might be construed as an oblique attack on the Illinois decree, it is far from clear that the defendant was raising the defense of a void judgment. Being unaware of the contents of the divorce decree is not a defense to its validity. And the defendant's statement that he was not served in "this matter" is at most ambiguous, especially since the reference to "this current matter" later in the sentence obviously refers to the Tennessee proceeding. Under these circumstances, we do not believe the plaintiff was on notice that she would have to appear and defend the Illinois decree.

We, therefore, conclude that the matter should be remanded to the trial court for further proceedings on the question of the validity of the Illinois divorce decree and the amount of the accrued arrearage, if any.

That part of the judgment of the court below upholding the validity of the Illinois divorce decree and awarding the plaintiff a judgment for $43,182.52 and accrued child support payments is reversed. In all other respects the judgment is affirmed and the cause is remanded to the Circuit Court of Sumner County for further proceedings. Tax the costs on appeal to the parties equally.

TODD, P.J., and LEWIS, J., concur.