IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, February 7, 2011

**CADLEROCK, LLC v. SHEILA R. WEBER**

**Appeal from the Chancery Court for Sevier County**
**No. 09-11-497      Telford E. Forgety, Jr., Chancellor**

---

**No. E2010-02137-COA-R3-CV-FILED-JUNE 30, 2011**

---

The plaintiff, an assignee to a foreign judgment, filed a petition to domesticate the judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, found at Tenn. Code Ann. § 26-6-101 *et seq*. The defendant objected to the enrollment of the foreign judgment because it was assigned. After a hearing on the matter, the trial court denied the plaintiff's motion to domesticate the foreign judgment and dismissed the case. The plaintiff appeals. Our review of the record reveals that the plaintiff properly followed the statutory requirements to enroll a foreign judgment. Accordingly, the trial court erred. We reverse.

**Tenn. R. App. P. 3 Appeals as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Oliver D. Adams, Knoxville, Tennessee, for the appellant, Cadlerock, LLC.

Scott D. Hall, Sevierville, Tennessee, for the appellee, Sheila R. Weber.

**OPINION**

**I. BACKGROUND**

The record in this case is sparse. The plaintiff, Cadlerock, LLC ("Cadlerock") filed a petition to domesticate a foreign judgment. The judgment, at issue in this case, is a default judgment obtained by Era Franchise Systems, Inc., against the defendant, Sheila R. Weber d/b/a Era Classics Real Estate ("Weber") in the Superior Court of New Jersey. Subsequently, Era Franchise Systems, Inc., assigned the judgment to Cadlerock, and an assignment of judgment was recorded with the Superior Court of New Jersey.

Pursuant to Tenn. Code Ann. § 26-6-104(a), Cadlerock filed a Petition of Filing Foreign Judgment ("the Petition"). Along with the Petition, Cadlerock filed a copy of the New Jersey judgment and a copy of the assignment of judgment, which both were certified by the Superior Court of New Jersey Clerk's Office. Cadlerock's counsel also incorporated an affidavit containing the last known addresses for the judgment debtor and judgment creditor into the Petition.

Weber replied to the Petition by filing a Response to Petition by Special Appearance. In that Response, Weber objected to enrolling the New Jersey judgment because it was assigned.[1] Weber further denied the "authenticity and effect" of the assignment. Thereafter, Cadlerock filed a Motion to Enforce Domestication of Foreign Judgment, requesting the trial court to enter an order to enroll and enforce the New Jersey judgment.

The trial court heard the matter on August 6, 2010. After considering the pleadings and the parties' respective arguments, the trial court denied Cadlerock's motion. This appeal ensued.

## II. ISSUE

Cadlerock presents on appeal whether the trial court erred in failing to domesticate the New Jersey judgment and in dismissing the Petition.

## III. STANDARD OF REVIEW

Whether a foreign judgment is entitled to full faith and credit is a question of law. *Tareco Props. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *12 n. 20 (Tenn. Ct. App. M.S., Nov. 18, 2004). Issues of law are reviewed de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). When an appellant challenges the foreign judgment on the ground that it is void under Tenn. R. Civ. P. 60.02, then we review the decision as whether the trial court abused its discretion in granting or denying relief under Tenn. R. Civ. P. 60. *Tareco Props.*, 2004 WL 2636705, at *12 n. 20 (citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn.1993); *Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995)). A trial court abuses its discretion when it applies an incorrect legal standard. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

---

[1]Additionally, Weber raised an issue concerning service of process, but that is not an issue before this court on appeal.

## IV. DISCUSSION

The Uniform Enforcement of Foreign Judgments Act ("the Act" or "UEFJA") outlines the process for domesticating a foreign judgment in Tennessee. The relevant provisions provide:

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
>
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
>
> (c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

Tenn. Code Ann. § 26-6-104 (Supp. 2010).

Ordinarily, foreign judgments are entitled to full faith and credit by Tennessee courts. The courts of this State will presume that "decrees of the courts of records of any sister state are valid" unless there is proper proof to demonstrate otherwise. *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 441-42 (Tenn. Ct. App. 1984) (footnote omitted). The party attacking the validity of the foreign judgment must prove that it should not be given full faith and credit as required by Article 4, Section 1 of the United States Constitution. *Id.* at 442 (citing *Slidell v. Valentine*, 298 N.W.2d 599, 602 (Iowa 1980); *Riggs v. Coplon*, 636 S.W.2d 750, 755 (Tex. App. 1982); and *Diners Club, Inc. v. Makoujy*, 443 N.Y.S.2d 116, 117 (N.Y. Civ. Ct. 1981)); *see also Marcus v. Marcus*, No. W2001-00906-COA-R3-CV, 2002 WL 1838140, at *2 (Tenn. Ct. App. W.S., July 30, 2002) ("The party challenging the validity of a foreign judgment faces a 'stern and heavy burden' in showing that the foreign judgment is not entitled to full faith and credit.") (quoting *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989)).

Tenn. Code Ann. § 26-6-104(c) states that foreign judgments are subject to the same defenses and may be vacated or reopened on the same grounds and procedures used to vacate or reopen Tennessee judgments. *See Wilson v. Battle Creek Milling & Supply, Inc.*, M2007-02830-COA-R3-CV, 2008 WL 5330498, at *3 (Tenn. Ct. App. M.S., Dec. 19, 2008). Thus, the grounds and procedures for vacating or reopening foreign judgments are those contained in Tenn. R. Civ. P. 60.02.

In this case, the burden is on Weber to prove why the New Jersey judgment is not entitled to full faith and credit in Tennessee. Weber contends that because Cadlerock is an assignee of a foreign judgment, Tennessee law does not permit enforcement. According to Weber, Cadlerock failed to authenticate the assignment of judgment. Weber contends that Cadlerock could have avoided the dismissal if it had amended its pleadings to allege the assignment of judgment. In sum, Weber claims that Cadlerock's requested relief exceeds domestication because it relied on an assignment of a foreign judgment.

The trial court entered an order denying Cadlerock's motion to enforce domestication of the New Jersey judgment. The trial court denied the motion because Cadlerock "purported to be the assignee of the foreign judgment." The trial court also dismissed the action.

Cadlerock takes issue with the trial court's decision to deny domestication to the New Jersey judgment. Cadlerock asserts that it complied with the requirements of the Act. "The requirements for filing a foreign judgments are few and straightforward." *See Baumann v. Williams*, No. M2006-00962-COA-R3-CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. M.S., Nov. 13, 2007). Specifically, the Act requires: (1) filing an authenticated copy of the judgment in either a circuit or chancery court, *see* Tenn. Code Ann. § 26-6-104(a) and (2) filing an affidavit containing the names and last known addresses of the judgment creditor and the judgment debtor, *see* Tenn. Code Ann. § 26-6-105(a). As Cadlerock correctly points out in its brief, domesticating a foreign judgment is a two-step process that includes enrollment and enforcement. As the *Baumann* court explained:

> While the Uniform Enforcement of Foreign Judgments Act creates a registration process that leads to enforcement, thereby tightly binding registration and enforcement, it does not eliminate the two-step nature of the process. In this vein, Tennessee courts have repeatedly recognized that enrolled or registered judgments remain subject to attack. This court has recently observed that "[o]nce a foreign judgment has been enrolled, it has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee and may be enforced or satisfied in a like manner."

2007 WL 3375365, at *2 (quoting *First State Bank of Holly Springs, Miss. v. Wyssbrod*, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003)) (footnotes omitted).

The record contains the pleadings filed by the parties and the trial court's order. From our review of the limited record before us, we find that the trial court erred in refusing to enroll the New Jersey judgment and in dismissing the action. In the instant case, Cadlerock filed an authenticated copy of the New Jersey judgment, an authenticated copy of the

assignment of judgment, and an affidavit of service with the Petition. The trial court should have permitted enrollment of the New Jersey judgment because allowing enrollment merely acknowledges that the document was "properly authenticated as a valid judgment from a sister state." *Baumann*, 2007 WL 3375365, at *2 (footnote omitted). A decision to enroll a foreign judgment does not equate into a determination that the judgment is enforceable. *Id.*

We find no case law to support Weber's contentions that the New Jersey judgment is not enforceable because it was assigned. Weber claims that Cadlerock, as an assignee, does not qualify as a "judgment creditor" within the meaning of the Act. Also finding no case law in support of this contention, we note that in the case of *Remington Investments, Inc. v. Obenauf*, 1 S.W.3d 666, 668 (Tenn. Ct. App. 1999), an assignee to a Connecticut judgment, satisfied the statutory requirements to permit domestication of the judgment. As stated earlier, an attack on the validity of a foreign judgment is subject to the same procedures and grounds contained in Tenn. R. Civ. P. 60. Weber's contentions regarding the assignment of the judgment would relate to the enforcement of the judgment, but not the enrollment of it. In denying enrollment of the New Jersey judgment and dismissing the Petition, the trial court committed an error of law. Therefore, we reverse.

## V. CONCLUSION

We reverse the decision of the trial court. We remand this cause to the trial court for further proceedings consistent with this Opinion and for the collection of costs. The costs of this appeal are taxed to the appellee, Shelia R. Weber.

_____
JOHN W. McCLARTY, JUDGE