IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 4, 2014

# GERALD FREEBURG ETC v. PHILLIP TURNER

**Appeal from the Chancery Court for Cumberland County**
**No. 2012CH523      Ronald Thurman, Chancellor**

_____

### No. E2013-02688-COA-R3-CV-FILED-OCTOBER 17, 2014

_____

This appeal arises from a child support matter. Gerald Freeburg ("Freeburg"), continuing in place of his adult daughter who died during the pendency of these proceedings, pursued a child support claim of his daughter against Phillip Turner ("Turner") in the Chancery Court for Cumberland County ("the Trial Court"). Freeburg submitted what purportedly was an order from an Oklahoma court reflecting Turner's child support arrearage. The Trial Court held that the purported order from Oklahoma did not constitute a court order and dismissed the matter. Freeburg timely appealed. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Kelsy Austin Miller, Cookeville, Tennessee, for the appellant, Gerald Freeburg.

Kevin D. Poore, Crossville, Tennessee, for the appellee, Phillip Turner.

## OPINION

## Background

In March 2012, Bunny Vandeventer ("Vandeventer") filed a petition for registration of foreign judgment and petition for contempt against Turner in the Trial Court concerning alleged missed child support payments.[1] Vandeventer and Turner, divorced in Oklahoma in 1994, had three children together. Turner later moved to Tennessee. Vandeventer included several exhibits with her petition, including a copy of the parties' final decree of divorce and an order of dismissal from an Oklahoma District Court dated February 2012 stating that "after being fully advised in the premises, the Court finds that all outstanding matters should be dismissed . . . ."

Regrettably, Vandeventer died in May 2012 while this litigation was underway. Vandeventer's father, Freeburg, was substituted as a party in place of his daughter. The Trial Court found that both parties agreed that the Trial Court had jurisdiction to determine what, if any, child support arrearage was owed. After a hearing, the Trial Court dismissed the criminal contempt petition against Turner. The Trial Court gave Freeburg 45 days to produce documentary proof from Oklahoma regarding any child support arrearages owed by Turner. No such proof was forthcoming.

At an April 2013 hearing, the Trial Court granted Freeburg an additional 120 days in which to produce an order from Oklahoma and submit it to the Trial Court. The Trial Court stated that the lawsuit would be dismissed if no such order were forthcoming this time. In August 2013, Freeburg filed documents purporting to be orders from an Oklahoma court. Turner responded by arguing that the purported order was not certified or signed by anyone.

In October 2013, the Trial Court held its final hearing on the matter. The Trial Court held that the documents presented to the court did not constitute an order from an Oklahoma court. In its order, the Trial Court stated, in relevant part:

> The previous Order of this Court entered on May 21, 2013 found that there was not sufficient proof that there is an order from an Oklahoma trial court that found Mr. Turner in arrears in the amount of $20,413.24 in October 2001. The previous Order of this Court granted Petitioner 120 days from the date of the last hearing (April 23, 2013) to procure an Order from the State of Oklahoma and present it to the Court and the Respondent. The May 21, 2013

---

[1] The record before us on appeal contains no transcript. The record, however, does contain a Statement of the Evidence, from which we draw facts for the background of this case.

Order also stated that if there is no Order from Oklahoma rendering a judgment prior to October 31, 2001, then this matter shall be dismissed.

The Petitioner filed a Notice of Filing in this matter on or about August 1, 2013 of an unsigned Notice/Order of Child Support Lien from the State of Oklahoma Department of Human Services dated 10/29/2001. The Petitioner, on or about August 8, 2013, also filed an Affidavit of Beth Hailey, Case Manager of the Office of the District Attorney, Child Support Division from Norman Oklahoma with another copy of the unsigned Notice/Order of Child Support Lien from the State of Oklahoma Department of Human Services 10/29/2001. The Respondent filed a Response to the original Notice of Filing on August 6, 2013, asking for the matter to be dismissed pursuant to the Court's order of May 21, 2013. Petitioner's counsel argued that the Notice/Order of Child Support Lien from the State of Oklahoma Department of Human Services dated 10/29/2001 constituted an Order. Respondent's counsel argued that the Notice/Order of Child Support Lien from the State of Oklahoma Department of Human Services dated 10/29/2001 failed to constitute an Order of an Oklahoma Court as the document was not signed by a Judge.

The Court found that the documents presented by the Petitioner failed to constitute an Order of the Oklahoma Court and that the matter should be dismissed. That the Court finds that the Respondent does not owe an arrearage in child support in this matter and that this case should be closed. The parties shall be responsible for their own respective attorney's fees and Court cost.

(Format modified). Freeburg appeals to this Court.

### Discussion

Although not stated exactly as such, Freeburg raises one issue on appeal: whether the Trial Court erred in declining to find the document entitled "Notice/Order of Child Support Lien" to be a foreign judgment entitled to full faith and credit. Both parties also request attorney's fees on appeal.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of

correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Tennessee law defines a foreign judgment as follows: "As used in this chapter, 'foreign judgment' means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Tenn. Code Ann. § 26-6-103 (2000).

This Court has discussed when foreign judgments are entitled to full faith and credit as follows:

> Foreign judgments are ordinarily entitled to full faith and credit in Tennessee's courts. However, Tenn. Code Ann. § 26-6-104(c) states that they are subject to the same defenses and may be vacated or reopened on the same grounds and procedures used to vacate or reopen Tennessee judgments. Thus, the grounds and procedures for vacating or reopening foreign judgments are those contained in Tenn. R. Civ. P. 60.02.

> Tenn. R. Civ. P. 60.02(3) states that a final judgment may be set aside if it is void. Therefore, not surprisingly, the two most common circumstances when courts will refuse to give full faith and credit to a foreign judgment are when the court entering the foreign judgment had no personal or subject matter jurisdiction, *Topham v. L.L.B. Corp.*, 493 S.W.2d 461, 462 (Tenn. 1973); *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. Ct. App. 1983), and when enforcing the judgment would be contrary to Tennessee's public policy. *In re Riggs*, 612 S.W.2d 461, 465 (Tenn. Ct. App. 1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981).

> Parties seeking to undermine the validity of a foreign judgment have a "stern and heavy" burden. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989). If they are seeking to challenge the foreign court's jurisdiction, they must demonstrate that the foreign court did not acquire jurisdiction under the law of the state where the judgment was obtained. *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 442 (Tenn. Ct. App. 1984).

*Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992).

The law in Tennessee is clear that foreign judgments ordinarily are to be honored, and the exceptions to that Rule as to when our courts will refuse to honor a foreign judgment are relatively narrow. However, the instant case requires us, as it did the Trial

Court, to determine whether the document at issue is a valid court order or judgment of a foreign jurisdiction qualifying for full faith and credit. The document at issue is entitled "Notice/Order of Child Support Lien" and contains no judge's signature.[2] The document contains no indication that it has been entered by an Oklahoma court. In his brief on appeal, Freeburg points to the language found in the document stating:

> You have been given notice and opportunity to contest the amount of the past-due support stated in this notice. If you fail to respond to this notice, the notice will be filed with the clerk of the district court. *The notice shall have the same effect as a court order and will be enforceable as a court order.* You shall not be entitled to another opportunity to contest the amount of past-due support alleged in this notice.

(Freeburg's emphasis).

While the document ostensibly purports to "have the same effect as a court order," at least two factors render this point indecisive. First, the language surrounding that emphasized quotation suggests that additional steps would need to be taken before the document would have the effect of a court order. Second, obviously, that a document purports to be an order does not make it one. Having carefully reviewed the document, we conclude that it is more in the nature of an administrative notice. At any rate, the document is not a court order. Therefore, the Trial Court did not err when it held that this document dated October 2001 is not a court order entitled to full faith and credit in our Tennessee courts.

We reiterate that, subject to certain exceptions, foreign judgments from sister states generally are entitled to full faith and credit in Tennessee. However, this case ultimately never reaches the issue of exceptions to full faith and credit because we agree with the Trial Court that the document at issue, for the reasons discussed above, is not a court order qualifying for full faith and credit in the first place. We affirm the judgment of the Trial Court.

Finally, both parties on appeal request attorney's fees. We decline to grant either party their attorney's fees on appeal.

---

[2]We note that the printed initials "JF" are handwritten at the very end of the October 2001 document. Reviewing the technical record, we note that the judge who presided over the parties' divorce matters in Oklahoma was one Judge Janet A. Foss. We, however, cannot assume that the initials "JF" represent the Judge's signature. As this Court deals in facts and not speculation, we cannot read anything into these initials.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Gerald Freeburg, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE